IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER MCGHEE, II, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 08-2457-STA-dkv |
| | ◊ | |
| ADESA AUCTIONS MEMPHIS, et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |
| | ◊ | |

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT
(DOCKET ENTRY 10)
ORDER DENYING MOTION TO SEAL COURT RECORDS
(DOCKET ENTRY 11)
ORDER PARTIALLY GRANTING AND PARTIALLY DENYING
MOTION TO DISMISS FILED BY ALLIED FORCES/KEY WORKERS, INC.
(DOCKET ENTRY 4)

On June 4, 2008, Plaintiff Walter McGhee, II filed a pro se complaint in the Circuit Court for the Thirtieth Judicial District at Memphis, Case No. CT-002714-08, alleging that Defendants, Allied Forces/Key Workers, Inc. ("Allied") and ADESA Auctions Memphis ("ADESA")[1] discriminated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and that he was retaliated against in violation of Title VII and the Tennessee Occupational Safety and Health Act ("TOSHA"). ADESA removed the case to federal court on July 9, 2008, and paid the civil filing fee.

---

[1] The proper name of Defendant ADESA is Auto Dealers Exchange of Memphis, LLC d/b/a ADESA Memphis.

On July 16, 2008, motions to dismiss were filed by both Defendants. (Docket Entries ("D.E.") 4, 5.) Plaintiff filed a single response to both motions to dismiss on September 13, 2008. (D.E. 13.) By separate order, the Court granted the motion to dismiss filed by ADESA.

On August 14, 2008, Plaintiff McGhee filed a motion for leave to proceed in forma pauperis. (D.E. 10.) Because Defendant ADESA paid the filing fee when the case was removed from state court, the motion (D.E. 10) is DENIED as moot. Also, on August 14, 2008, Plaintiff filed a motion to seal court records. (D.E. 11.) Plaintiff refers to Exhibits A, C, D, and page seven of Exhibit H. Plaintiff did not attach the exhibits to the motion and the Court cannot determine what exhibits the motion references. To the extent the motion refers to exhibits filed with Plaintiff's complaint or Defendants' motions to dismiss, those exhibits are included in the public record of this case. Plaintiff fails to demonstrate that the documents contain sensitive or confidential information. Plaintiff's motion (D.E. 11) is DENIED.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Erickson v. Pardus, 550 U.S. 89, 127 S. Ct. 2197, 2200 (2007)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008). A motion to dismiss under Rule 12(b)(6) will be granted only if the complaint is

without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief. See <u>Evans-Marshall v. Bd. of Educ.</u>, 428 F.3d 223, 228 (6th Cir. 2005); <u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir. 1976). Under Rule 8(a), "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Erickson</u>, 127 S. Ct. at 2200 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Because a motion under Rule 12(b)(6) is directed solely at the complaint itself, the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. <u>Scheuer</u>, 416 U.S. at 236; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)(Rule 8 "does not impose a probability requirement at the pleading stage").

Despite this liberal pleading standard, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>. 478 U.S. 265, 286 (1986); <u>See also Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987)("[W]e need not accept as true legal conclusions or unwarranted factual inferences.") Though the complaint need not contain detailed factual allegations, the factual allegations must be enough to raise the claims right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. <u>Bell Atlantic</u>, 127 S. Ct. at

3

1964-65; <u>Associated Gen. Contractors of Cal., Inc. v. Carpenters</u>, 459 U.S. 519, 526 (1983).  The facts alleged must state a claim that is plausible rather than merely creating a suspicion of a legally cognizable right.  <u>Bishop v. Lucent Techs., Inc.</u>, 520 F.3d 516, 519 (6th Cir. 2008).  The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief."  <u>Bell Atlantic</u>, 127 S. Ct. at 1965 n. 3. Labels, conclusions, and formulaic recitations of the elements of a cause of action "will not do."  <u>Id.</u> at 1965.  A complaint 'must contain either direct of inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"  <u>Ferron v. Zoomego, Inc.</u>, 276 Fed. Appx. 473, 475 (6th Cir. 2008)(quoting <u>Lewis v. ACB Business Serv., Inc.</u>, 135 F.3d 389, 406(6th Cir. 1998).

Allied contends in the motion to dismiss that Plaintiff McGee's complaint is "devoid of any facts describing circumstances that could entitle him to a recovery" because his complaint offers nothing more than "'labels and conclusions, and a formulaic recitation of the elements of ... cause[s] of action' for discrimination and retaliatory discharge." (D.E. 4, Part 2, pp. 1-3.)  Specifically, Allied alleges:

1. Plaintiff's allegations of racial discrimination and retaliation are no more than legal conclusions and fail to articulate any fact sufficient to state a claim under Title VII;

2. Plaintiff's alleged disability was previously ruled insufficient to establish a qualifying

4

> disability in <u>McGhee v. Technicolor Distribution, Co.</u>, No. 98-2990-JSG/dkv; and
>
> 3. TOSHA doe not provide a private right of action for retaliation.

(<u>Id</u> at pp. 3-14.)

### Plaintiff's Allegations

Plaintiff's allegations of discrimination and retaliation as contained in the complaint, in their entirety are:

> Defendants intentionally discriminated against plaintiff because of his race in violation of Title VII by failing to hire, promote and negligently discharging him of his duties.
>
> Defendants used the following discriminatory employment practices in violation of Title VII: failure to hire, recommend for hire and employer retaliation. Although these practices appear to be neutral, they serve to discriminate against a disproportionate numbers of persons of plaintiff's race and membership with the disabled community. Protected individuals that complaint about working conditions and safety hazards are protected by law from discrimination and retaliatory employment acts as well.
>
> Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA). Plaintiff's mental disabilities affect his work and his hearing is limited to only hearing from his left ear. He is otherwise qualified to perform the essential functions of buffing and waxing cars in a detail shop.
>
> Plaintiff is an employee within the meaning of the ADA and is unable to work in a broad class of jobs. Plaintiff has a record of disability and was perceived as disabled by his former employers because he complained about working conditions.
>
> Defendants have violated the ADA by intentionally discriminating against plaintiff because of his "perceived" disability. Defendants have intentionally violated the Tennessee Occupational Safety and Health Act. Defendants discriminatory acts include refusal to hire, recommend for hire, negligence in informing employees about hazardous chemicals, retaliation and

5

termination because he reported unsafe working conditions and citations were issued in response to the violations.

Defendants have discriminated against plaintiff by intentionally failing to provide a simple and reasonable accommodation. Plaintiff requires the following accommodation to perform the job; plaintiff requested to perform his initial job of buffing and waxing cars. Plaintiff alleges that detailing the interior of cars with an air gun, at decibels greater than he can withstand, was too loud and pause [sic] him pain in his only hearing ear. Although plaintiff complained and requested this accommodation on many occasions, defendants ignored him and failed to make them.

(D.E. 3, p. 2-3.)

The Charge of Discrimination which Plaintiff filed against Allied and attached to his complaint as an exhibit states:

I was discharged from my position as a temporary employee on April 13, 2007. I worked at this company through the temporary service since August 2006.

No reason was given for my discharge by the temporary agency.

I believe that I was discriminated against, and discharged because of my disability, race, Black and because I complained of unsafe working conditions at the company I was working as a temp, in violation of the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended.

(D.E. 3, p. 7.)

The Charge of Discrimination which Plaintiff filed against ADESA and attached to his complaint as an exhibit states:

I was discharged from my position as a detailer, in the detail shop on April 13, 2007. I had been employed since August 2006, through a temporary service.

I sustained an on the job injury on April 12, 2007, and reported unsafe working conditions about a week after being injured. At the time I attempted to return to work from my injury I was told by the temporary service that they did not have any work for me. There were at least seven other persons from the temporary service working at

6

> ADESA at the time I attempted to return from my on the job injury. All of those persons were Black.
>
> I attempted to gain full-time employment in October 2006, but was told I needed 300 working hours at ADESA before I would be considered, but three white males were hired into full-time positions in the detail shop performing the same duties as me, and none of them had 300 working hours. Two other persons hired into full-time positions were former employees who quit and [were] rehired. Both of those persons were Black.
>
> I believe that I was discriminated against, denied full-time employment because of my disability, and discharged because of my race, Black and because I complained of unsafe working conditions, in violation of the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended.

(D.E. 3, p. 8.)

Plaintiff McGee provided as an exhibit a letter written November 19, 1998, by Audiologist Ben Cox to the Disability Determination Section of Social Security, stating that Plaintiff has hearing sensitivity within normal limits for the left ear and a moderate/severe conductive hearing loss for the right ear. (D.E. 3, p. 6) Plaintiff also attached to his complaint a copy of a citation against ADESA from the State of Tennessee Department of Labor for failing to develop, implement, and maintain a written hazard communication program; failing to label hazardous chemicals; and failing to provide an adequate emergency shower. (D.E. 3, pp. 4-5.)

The response filed by Plaintiff on September 4, 2008 (D.E. 13), contains expounds upon the factual allegations contained in the complaint. He alleges that he "would not have complained about race issues if Allied Forces had not recommended Josh, a white

male, for full-time employment at ADESA. [Plaintiff] was employed before Josh completed and submitted an application." (Id. at 2.) McGhee alleges that he was denied full-time employment and continuing employment because of his race and his disability. (Id.) Plaintiff contends that he was denied recall for employment and terminated because he "filed a charge of discrimination, took part in an EEOC investigation, took part in a worker's compensation claim, asserting [sic] workplace safety rights under the federal OSHA and opposed discriminatory hiring and firing policies. (Id.) Plaintiff also states that he has "a record of disability, a record of non-severe disability and was perceived as disabled by [his] former employers after they were put on notice of a hearing impairment." (Id.) He alleges that he was perceived as disabled because of his "continuous complaining of hearing difficulties and requests for reasonable accommodations that were all denied." (Id. at 3.) Plaintiff states that he "was never reassigned to another job" by Allied "after complaining so much." (Id. at 4). McGhee alleges that he suffers from "mental issues" as well as a "hearing impairment." (Id.) He alleges that three white males with no impairment were recommended for full employment. (Id. at 4) He also alleges that two non-disabled black males who quit working for Defendant Allied were then later rehired by fulltime by ADESA. (Id.; D.E. 3, p. 8.) McGhee alleges that he was retaliated against because he "complained of the loud air gun," informed his employer about his "hearing impairment, ear pain, and headaches," sought reasonable accommodations, complained of "racial bias" and

8

selective hiring and rehiring policies, informed the employer of health and safety hazards, filed a safety complaint with TOSHA, threatened to pursue a worker's compensation claim, an EEOC complaint, an unemployment claim, and refused a post-employment drug screen. (Id. at 5.)

## Analysis

An employer may not fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin under Title VII, 42 U.S.C. §§ 2000e et seq. or his disability under the ADA, 42 U.S.C. §§ 12101 et seq.

### Race Discrimination

Title VII provides that it is unlawful for an employer "to discriminate against any individual ... because of such individual's race." 42 U.S.C. § 2000e-2(a). Plaintiff alleges that Allied treated him less favorably in terms of recommendations for full time employment and by failing to offer him continuing employment because of his race. Although some former black employees with Allied received full time employment at ADESA, Plaintiff alleges that those employees quit working with Allied and were then rehired by ADESA. The Court infers that those black males were also not recommended for full time employment by Defendant Allied. While Allied will have the opportunity to demonstrate a "race neutral" explanation for any disparity in treatment of employees, for purposes of a motion to dismiss,

9

Plaintiff has made a sufficient showing that the race discrimination claim should not be dismissed. Leadbetter v. Gilley, 385 F.3d 683, 691 (6th Cir. 2004).

### Retaliation

In order to make out a prima facie case of retaliation under Title VII, a plaintiff must establish that: (1) he or she engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. Garner v. Cuyahoga County Juvenile Court, 2009 WL 137227, *13 (6th Cir. Jan. 22, 2009)(citing Morris v. Oldham Fiscal Ct., 201 F.3d 784, 792 (6th Cir. 2000).

Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). These two clauses are known as the "opposition clause" and the "participation clause." Crawford v. Metropolitan Government of Nashville and Davidson County, Tenn., 129 S. Ct. 846, 850 (2009). A claim is brought under the opposition clause when it involves opposing a violation of Title VII. Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1312 (6th Cir. 1989).

Types of activity which constitute opposition includes: "Complaining to anyone (management, unions, other employees, or newspapers) about allegedly unlawful practices; refusing to obey an order because the worker thinks it is unlawful under Title VII; and opposing unlawful acts by persons other than the employer- *e.g.,* former employers, union, and co-workers." Johnson v. University of Cincinnati, 215 F.3d 561, 579 (6th Cir. 2000). In construing the opposition clause, the Sixth Circuit has explained that the challenged activity need not actually violate Title VII. Id. at 580. Instead, the plaintiff must only have a reasonable belief that the defendant has committed an unlawful employment practice. Id.; see e.g., Clark County School District v. Breeden, 532 U.S. 268 (2001) (holding that no reasonable person could have believed that co-worker's single sexually explicit comment violated Title VII).

Defendant argues that Plaintiff's complaint failed to allege that he was engaged in protected activity. Plaintiff responds alleging that he was retaliated against for seeking accommodation, opposing racially discriminatory practices, and filing an EEOC charge. Plaintiff's allegations are sufficient to demonstrate that he did participate in protected activity. Although Plaintiff also alleges that he was retaliated against for participating in non-protected activity or activity that may not ultimately establish a Title VII violation, the Court finds that McGhee has adequately pled a claim of retaliation under Title VII.

## Disability Discrimination

Plaintiff has alleged that Defendant Allied violated the ADA. The ADA prohibits employers from discriminating against employees with a disability who would otherwise be able to perform the essential duties of the job with or without reasonable accommodation. 42 U.S.C. §§ 12111-12112(a). A disability is a physical impairment that "substantially limits" one or more major life activities. Toyota Motor Mfg. Ky. Inc. v. Williams, 534 U.S. 184, 197 (2002). To qualify as disabled under the ADA, one must do more than allege a physical or mental impairment. One must show that the impairment has a "substantially limit[ing]" effect on major life activities in order for that impairment to rise to the level of disability. Id.

In the complaint and response to the motion to dismiss, Plaintiff alleges that he suffers from a "considerable degree of hearing loss in my right ear that affects my hearing capability when it comes to locating the source of many sounds, words and voices" and that it causes him to be "unable to perform the major life activity of working as compared to the average person in the general population."

Plaintiff, however, clearly alleges that he was able to perform his assigned job and other jobs at ADESA. McGhee alleges that he was performing his job, but the use of the airgun to detail cars caused him headaches and ear pain. The crux of Plaintiff's allegations is that McGhee feared he would develop a hearing loss in his non-impaired right ear, not that he suffered any inability

to perform the assigned job or other jobs due to his impaired hearing in the right ear. McGhee merely wanted to be assigned another available job which did not require use of the air gun. McGhee also totally fails to explain or describe his "mental issues" or allege how they affected his ability to perform his job or other major life activities.

Accepting Plaintiff's allegations as true, the facts alleged are insufficient to establish an "impairment" that imposes a substantial limitation on one or more major life activities because he was able to perform his assigned job and other jobs with ADESA. Plaintiff fails to allege an "impairment" that rises to the level of a disability or substantially limits a major life activity. See Sutton v. United Air Lines, 527 U.S. 471, 491 (1999)(" When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs.") Therefore, Plaintiff's ADA claim will be dismissed.

### TOSHA Claim

It is undisputed that Plaintiff filed charges of safety and health violations with TOSHA about his working conditions at ADESA. Plaintiff alleges that his conduct was reported by ADESA to Allied. TOSHA mandates that:

> No person shall discharge or in any manner discriminate against any employee because the employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or because of the exercise by the employee on behalf of

13

>such employee or others of any rights afforded by this chapter.

Tenn. Code Ann. § 50-3-409(a). Should an employer violate this mandate, the affected employee "may, within thirty (30) days after the violation occurs, file a complaint with the commissioner of labor and workforce development alleging such discrimination." Tenn. Code Ann. § 50-3-409(b)(1).

TOSHA was enacted in 1972, and then amended in 1974 to add a provision prohibiting the discharge of an employee for making an occupational safety complaint as well as a remedial scheme for such discrimination. 1974 Tenn. Pub. Acts 466-67. In comparison, the Tennessee Supreme Court established a common law claim for retaliatory discharge in 1984. Clanton v. Cain Sloan Co., 677 S.W.2d 441 (Tenn. 1984). The Tennessee Supreme Court has held that "where a common law right exists, and a statutory remedy is subsequently created, the statutory remedy is cumulative unless expressly stated otherwise," but when "a statute creates a new right and prescribes a remedy for its enforcement, then the prescribed remedy is exclusive." Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 899 (Tenn. 1992). The statutory remedy established by TOSHA predates the common law claim of retaliatory discharge, and thus, under Hodges, TOSHA provides the exclusive remedy. Plaintiff's claims of retaliation for asserting his right to a safe work environment under TOSHA are pre-empted and Plaintiff's common law claim of retaliatory discharge must be dismissed.

For the foregoing reasons, Defendant Allied's motion to dismiss (D.E. 5) is GRANTED in PART and DENIED in PART.  Defendant Allied's motion is GRANTED to the extent that it seeks dismissal of Plaintiff's claim for disability discrimination under the ADA and common law claim of retaliation under TOSHA.  Defendant's motion is DENIED to the extent that it seeks dismissal of Plaintiff's claims for race discrimination and retaliation under Title VII.

IT IS SO ORDERED this 11th day of March, 2009.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE